UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERALD R. GIBSON,

       Petitioner,

vs.                                Case No. 3:05-cv-382-J-32MMH

JAMES V. CROSBY, et al.,

       Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on April 29, 2005. He challenges a 2001 state court (Nassau County) conviction. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this new subsection. See Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #8), filed June 15, 2005. Even if the Court agrees arguendo with Petitioner's contention that the one-year limitation period began on January 23, 2003, when Petitioner first discovered the factual predicate for one of his claims, the Petition was still untimely filed.

The limitation period ran for a period of **thirty days** from January 24, 2003, through February 22, 2003, the day before Petitioner handed a motion for post-conviction relief to prison

authorities for mailing to the state court (the motion was actually filed in state court on February 26, 2003). Ex.[1] C at 1. The trial court denied the motion, and Petitioner appealed. Ex. D; Ex. E. The appellate court affirmed the trial court's order dismissing the case, and the mandate issued on January 6, 2004. Ex. G; Ex. H. Petitioner filed a motion for rehearing, which was denied on February 12, 2004. Ex. J.

The limitation period then ran for **sixty days** from February 13, 2004, through April 12, 2004, the day before Petitioner filed a petition for writ of habeas corpus in the First District Court of Appeal.[2] Ex. L. Thereafter, Petitioner filed an amended petition, which was denied on May 28, 2004. Ex. M; Ex. N.

The limitation period ran for a period of **eighty-nine days** from May 29, 2004, through August 25, 2004, the day before Petitioner handed a motion to correct an illegal sentence to prison authorities for mailing to the state court (the motion was actually filed in state court on September 1, 2004). Ex. O. The motion was denied on September 13, 2004. Ex. P.

Petitioner argues that his motion to correct an illegal sentence was "pending" during the thirty days in which he could have filed an appeal of the order denying that motion. See

---

[1] The Court hereinafter refers to the exhibits appended to the Index to Appendix (Doc. #9) as "Ex."

[2] Petitioner is not entitled to the mailbox rule with respect to this proceeding since it was filed by his attorney.

3

Petitioner's July 7, 2005, Response to Motion to Dismiss (Doc. #12) (hereinafter Reply) at 7-10.  Even if the Court agrees with this contention, the Petition was not timely filed.  As noted above, the trial court denied the motion to correct an illegal sentence on September 13, 2004.  Thus, Petitioner had until October 13, 2004, to file a timely appeal.  At this point, Petitioner had 186 days remaining in his one-year limitation period (365 minus thirty equals 335, 335 minus sixty equals 275, 275 minus eighty-nine equals 186).[3]  Therefore, the limitation period expired on April 18, 2005, 186 days from October 14, 2004.  Thus, Petitioner's April 29, 2005, Petition was not timely filed.

Petitioner has not shown any adequate reason why the dictates of the one-year limitation period should not be imposed upon him. Thus, the Court will dismiss this case with prejudice as untimely filed.

Therefore, it is now

**ADJUDGED:**

1.   Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #8), filed June 15, 2005, is **GRANTED**.

2.   The Petition is **DISMISSED** with prejudice.

---

[3] On page 7 of the Reply, Petitioner correctly notes that he had <u>186</u> days remaining in the one-year limitation period; however, Petitioner mistakenly states on page 8 of his Reply that he had <u>196</u> days remaining at this point.  If the Court has counted incorrectly, Petitioner should seek rehearing and point out the error.

3. The Clerk of the Court shall enter judgment dismissing the Petition and this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of December, 2005.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

ps 12/12
c:
John Stewart Mills, Esquire
Assistant Attorney General Wilcox